Freeman, J.,
delivered the opinion of the court.
Two questions are presented in this case: First, whether under a bill tiled to enforce a mechanic’s lien, a clerk and master can grant a writ of attachment. Second, whether the lien attaches to the fixtures and machinery furnished and erected by plaintiff in the form of a mill on the lands of a party, independent of and beyond the lien given under sec. 1981 of the Code [Shannon’s Code, sec. 3531], upon any lot of ground or tract of land on which such machinery or structure may be erected.
To the first question, we answer the clerk had no power to grant the writ. Attachments, authorized to be issued by the clerk, under the Code, are original and ancillary attachments, given under sec. 3455 and subsecs. [Shannon’s Code, sec. 5211, and subsecs.]. See [August v. Seeskind], 6 Cold., 178. No provision is made by law for issuance of the attachment by the clerk in a case of mechanic’s lien. It must therefore be granted as extraordinary process, by order cf a chancellor or judge.
As the discharge of the attachment defeats the lien of the complainant (even if he had one), the twelve months having long since expired in which the lien exists, we do not deem it necessary to decide'the other question. It would be a fruitless declaration of what might have been the right of the parties.
We therefore affirm the decree of the chancellor with costs.