PHILLIPS & BUTTORFF MFG. CO. *v.* CAMPBELL.

(*Nashville.*  March 1, 1894.)

1. JURISDICTION.  *Of Circuit Court to enforce mechanics' lien.*

Circuit Court has not jurisdiction of suit to enforce mechanics' lien, where the amount involved does not exceed fifty dollars.

Code construed: §§ 2747, 4286, 4290, 4898, 4997, 5002 (M. & V.); §§ 1987, 3543, 3547, 4123, 4225, 4230 (T. & S.).

Cases cited and approved: Brown *v.* Brown, 2 Sneed, 437; Reeves *v.* Henderson, 90 Tenn., 523; Spradlin *v.* Bratton, 6 Lea, 685.

2. MECHANICS' LIEN.  *What is.*

And the furnishers' lien is, for this purpose, treated as the mechanics' lien.

Cases cited and approved: Bassett *v.* Bertorelli, 92 Tenn., 553; Cole Mfg. Co. *v.* Falls, 90 Tenn., 468; Reeves *v.* Henderson, 90 Tenn., 523; Green *v.* Williams, 92 Tenn., 221; Lumber Co. *v.* Thomas, 92 Tenn., 588.

---

FROM WILLIAMSON.

---

Appeal in error from the Circuit Court of Williamson County.  W. L. GRIGSBY, J.

HEARN & BERRY for Plaintiff.

W. B. WHITE for Defendant.

CALDWELL, J.  This is an action by Phillips & Buttorff Manufacturing Company against Mrs. M. M. Campbell, brought to enforce a mechanic's lien

Phillips & Buttorff Mfg. Co. *v.* Campbell.

for $37.50, the price of materials averred to have been furnished by the plaintiff to the defendant for the repair and ornamentation of her house. The suit was commenced in the Circuit Court of Williamson County by original summons and attachment.

Defendant demurred to plaintiff's declaration, and, for cause of demurrer, said that the Circuit Court had no jurisdiction of the cause of action stated, because the debt sued for was less than $50 in amount. The Circuit Judge sustained the demurrer, and the plaintiff appealed in error.

"The Circuit Courts of this State are Courts of general jurisdiction, and the Judges thereof shall administer right and justice according to law, in all cases where the jurisdiction *is not conferred upon another tribunal.*" Code, § 4225. Their jurisdiction is concurrent with that of "Justices of the Peace, to the extent of the jurisdiction of the latter, of all debts and demands on contract *over fifty dollars.*" *Ib.,* § 4230.

The last clause of § 4230 is restrictive, and limits the jurisdiction of Circuit Courts, in respect to "all debts and demands on contract," to sums "over fifty dollars;" it also relates to the last clause of § 4225, to the extent of recognizing "another tribunal" as having jurisdiction of all cases where the matters of litigation are "debts and demands on contract" *not* "over fifty dollars."

"Justices of the Peace have exclusive original jurisdiction of all debts or demands on contract,

where the amount sued for is fifty dollars or less."
History of a Lawsuit (Martin's Edition), page 28.

But it is said, in opposition to the action of
the Court below, that the jurisdictional limitation
imposed by § 4230 of the Code, is not applicable
here, because this suit was brought to enforce a
mechanic's lien, and not simply to collect an ordi-
nary debt.

The contention is, that a mechanic's lien can be
enforced in a Court of record only, and that the
jurisdiction of such Court for such purpose, whether
it be the Circuit Court or the Chancery Court, is
general, including all cases, without reference to
the amount of the debt to be collected.

By Sections 1 and 2 of Chapter 118, Acts of
1845–6, and by statutes prior thereto, a *mechanic's
lien* was provided in favor of original contractors
(Code, § 1981), and of subcontractors (Code, § 1986),
who, under proper employment, placed improvements
upon the land of another, or furnished materials to
be used therein. That lien, as continued and pre-
served through subsequent legislation, is the same
that plaintiff, as a furnisher of materials, seeks to
make available in this case. *Bassett* v. *Bertorelli*,
92 Tenn., 553–8. Whether plaintiff sues as original
contractor or as subcontractor is not disclosed in the
imperfect record before us; but that is not material.

It was provided by the third section of Chapter
118, Acts of 1845–6, "that the lien herein given
may be enforced by attachment, either at law or
in equity.".

In 1854, this Court, speaking through Judge Totten, with respect to that provision, said: "We think it clear that *any Court*, having jurisdiction of the matter in litigation, has power also to issue the attachment, as a Justice of the Peace, the Circuit Court or Chancery Court, conforming to its course of proceeding. Being in aid merely of the ordinary remedy by suit, the attachment must follow it, and be issued from the same Court which has jurisdiction of the plaintiff's demand." *Brown* v. *Brown*, 2 Sneed, 437.

The said third section of Chapter 118, Acts of 1845–6, was carried into the Code without change at § 1987; and that section of the Code was so amended, in 1873, as to read as follows: "This lien shall be enforced by attachment, either in law or equity, or by judgment and execution at law, to be levied upon the property on which the lien is." Acts 1873, Ch. 19, Sec. 1; Code (M. & V.), § 2747.

Such is the law upon the subject at this time, the second proviso of the second section of Chapter 103, of the Acts of 1889, having reference alone to the question of removal introduced by that section.

Under the law, as amended by the Act of 1873, it being the same, as to the proceeding by attachment, as it was before that amendment, we are of opinion that the question of jurisdiction is dependent upon the amount of the debt to be collected, and not upon the fact that the plaintiff

seeks the enforcement of a lien. The lien is but a statutory security for the debt, an incident to it, and it may be enforced in any court of law or equity having jurisdiction of the amount involved. The lien may be enforced in one court or another, according to its jurisdiction of the debt to be collected. Section 4230 of the Code is controlling on the question of jurisdiction in this case, as in any other action based upon debt or other contract. The jurisdiction, as declared by that section, has not been changed by any subsequent legislation.

Besides being carried unchanged into the Code at § 1987, the third section of Chapter 118, Acts of 1845–6, was also carried into the Code, with certain additional words, at § 3543, the whole of that section being as follows: "The mechanic's lien is enforced by attachment at law or in equity, sued out upon bill or petition under oath, setting forth the facts, and proceeded with under the provisions of the preceding chapter."

If the words here added by the codifiers, "bill or petition," indicate that the lien is to be enforced either in the Circuit Court or in the Chancery Court, yet the addition could not have been intended to alter or qualify the scope and meaning of § 1987, which, as we have seen, conferred jurisdiction upon those Courts and upon Justices of the Peace, according to their respective jurisdictions of the debts to be collected.

Moreover, "the provisions of the preceding chap-

ter," which relate to the *landlord's lien* and its enforcement, authorize a proceeding before a Justice of the Peace. *Spradlin* v. *Bratton*, 6 Lea, 685.

It may be well to note that Messrs. Milliken & Vertrees, in their compilation, treat the Act of 1873 as having amended § 3543, as well as § 1987, of the Code, and, consequently, omit from their corresponding sections (Code, M. & V., 4286 and 2747), the words introduced by the codifiers in the year 1858.

That the third section of Chapter 118 of the Acts of 1845–6 was not regarded as having changed the jurisdiction of Circuit Courts and of Justices of the Peace, as declared in §§ 4225 and 4230 of the Code, is clear from the language used by this Court in *Brown* v. *Brown*, 2 Sneed, *supra*, and from the language of that section itself. A Magistrate's Court is a Court of Law. It also has jurisdiction "in equity causes, where the subject-matter does not exceed fifty dollars." Code, §§ 4123 (Subsection 7), 4124.

The jurisdiction of Justices of the Peace to enforce a mechanic's lien is not dependent alone upon the statutes hereinbefore considered. It was expressly conferred by Section 1, Chapter 62, Acts of 1857–8, in the following words :

"*Be it enacted*, *etc.*, That the mechanic's lien secured by the existing laws may be enforced by suit before a Justice of the Peace for all sums within a Justice's jurisdiction; and when the attachment has been levied on land and a judgment

rendered, and execution also levied on same, the papers shall be returned to the Circuit Court, there to be proceeded upon as in other cases of levy of Justice's · executions on land."

That provision, with a slight change of phraseology, went into the Code at § 3547, and is still in force. For the words "the mechanic's lien secured by existing laws," found in the first line of the original act, the codifiers substituted the words, "the lien of mechanics, foundrymen, and machinists." The change does not alter the meaning. The language in each case was intended to embrace all original contractors and subcontractors coming within the provisions of what was known as *the mechanics' lien law*. The designation "material-man" is not used in any of the statutes. He is embraced in other and more comprehensive words. *Cole Mfg. Co.* v. *Falls*, 90 Tenn., 468; *Reeves* v. *Henderson*, *Ib.*, 523; *Green* v. *Williams*, 92 *Ib.*, 221; *Bassett* v. *Bertorelli*, *Ib.*, 548; *Lumber Co.* v. *Thomas*, *Ib.*, 588.

In still another part of the Code a Justice of the Peace is given jurisdiction "to enforce mechanic's lien for any sum within his jurisdiction." Code, § 4123, Subsec. 6. That he had such jurisdiction was assumed, without discussion, in the case of *Reeves* v. *Henderson*, reported in 90 Tenn., at page 523.

Let the judgment be affirmed.