DE SOTO LUMBER COMPANY *v.* HENRY LOEB.

(*Jackson.*   April Term, 1903.)

1. **MECHANIC'S LIEN.**   Enforcement by bill or petition in chancery and circuit court.

Our statutes provide a uniform method of enforcing a mechanic's lien in the chancery and circuit courts by bill or petition; and this suit, whether in the one court or in the other, should be in the nature of an equity suit, and conducted as such. (*Post, pp.* 254-255.)

Cases cited and approved:   McLeod & McGrath v. Capell, 7 Bax., 196-198; Hillman v. Anthony, 4 Bax., 444-447.

Cases approved and distinguished:   Brown v. Brown, 2 Sneed, 431; Manufacturing Company v. Campbell, 93 Tenn., 469; Taylor v. Lumber Company, 107 Tenn., 41.

Code cited and construed: Secs. 3543, 5306-5311 (S.); secs. 2747, 4286-4291 (M. & V.); secs. 1987, 3543-3548 (T. and S. and 1858).

2. **SAME.**   Cannot be enforced by attachment upon affidavit in chancery or circuit court.

The mechanic's lien, or the lien of a materialman for materials, furnished to the contractor to be used, and which are used by the contractor, in the erection of a house upon the land of another, under a contract with the owner thereof, can not be enforced by an attachment issued or sued out upon an affidavit, and by summons issued.   The suit must be commenced by bill or petition under oath setting forth the facts if commenced in the chancery or circuit court.   (*Post, pp.* 254-260.)

Cases cited, approved and distinguished:   Brown v. Brown, 2 Sneed, 431; Manufacturing Company v. Campbell, 93 Tenn., 469; Taylor v. Lumber Company, 107 Tenn., 41.

Lumber. Co. v. Loeb.

Code cited and construed: Secs. 3543, 5306-5311 (S.); secs. 2747, 4286-4291 (M. & V.); secs. 1987, 3543-3548 (T. and S. and 1858).

3. SAME. Fiat is necessary for attachment to enforce.
The clerk of the circuit court has no power to issue an attachment writ to enforce a mechanic's lien, without the fiat of a judge or chancellor. (*Post, pp.* 260-262.)

Case cited. and approved: Lane v. Wood, 1 Shan. Cases, 648.

Case cited and overruled: Brown v. Brown, 2 Sneed, 431.

Code cited and construed: Secs. 5211-5221, 5276-5298 (S.); secs. 4192-4202, 4257-4279 (M. & V.); secs. 3455-3463, 3516-3538 (T. & S. and 1858).

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby County.—J. P. YOUNG, Judge.

W. W. GOODWIN, for De Soto Lumber Company.

L. & E. LEHMAN, for Loeb.

MR. JUSTICE NEIL delivered the opinion of the Court.

This suit was brought in the circuit court of Shelby county by the plaintiffs to enforce a lien for materials furnished to one M. J. Galliger, who was then under contract with defendant, Loeb, for the erection of a

dwelling house upon a certain lot in the city of Memphis, the plaintiffs claiming that they had given due notice to the said Loeb, and that the materials were used in the erection of the house, and that there was due to them the sum of $1,542, and that this was a lien upon the property. This was the substance of an affidavit made for the plaintiffs on the 24th day of October, 1902, through C. D. Wailes, a member of the firm. This affidavit was sworn to before the clerk of the court, and upon the basis of this affidavit the clerk issued a writ of attachment directing the sheriff to attach the said land and house thereon for the above-mentioned claim of $1,542, and the attachment was accordingly levied on the property. The clerk also issued a summons, which was served on the defendant. The plaintiffs filed their declaration, which contained, in substance, the same matter set out in the affidavit, and claimed a lien upon the property.

Upon objection being made in the court below, the circuit judge quashed the attachment and dismissed the suit on the ground that the writ had been issued by the clerk of the court without the order or fiat of a judge or chancellor directing him to do so. From this judgment the plaintiff in error has appealed and assigned errors.

Several questions, based upon objections made in the court below, were argued in this court, but we need notice only two of them. The first concerns the form of the pleadings that should be used in proceedings to

enforce mechanics' liens in courts of record, and the second the correctness of the action of the circuit judge in respect of the attachment. The first question must be determined by the language of section 3543 of the Code of 1858. That section reads as follows: "The mechanic's lien is enforced by attachment at law or in equity, sued out upon bill or petition under oath setting forth the facts and proceeded with under the provisions of the preceding chapter." The three sections immediately following the foregoing are these:

"3544. Where there are several parties entitled to the lien given by this article, all, or any number of them, may join in one attachment suit in equity, or upon the filing of the bill, the rest may come in by petition, without suing out a new attachment, by giving bond and security, as if the attachment had been taken out by the petitioner.

"3545. The court is authorized to adjust, in such suit, the conflicting rights of the parties, claiming liens, among themselves, and to enforce the same according to priorities.

"3546. If separate suits are brought in the same court, they shall be consolidated, and, if in different courts, the suits last brought may, upon application, be removed into the court in which the first suit was instituted, or vice versa, at the option of the parties."

It is clear from an examination of these sections of the Code, and construing them together, as should be done, that it was the purpose of the legislature to provide a uniform method of enforcing mechanic's liens in

the chancery and circuit courts by bill or petition; and that this suit, whether in the one court or in the other, should be in the nature of an equity suit, and conducted as such.

We are not aware, and a very attentive examination does not disclose, that this precise question has ever arisen in any reported case since the passage of the Code of 1858. There are two cases, however, in which the practice above indicated is recognized. *McLeod and McGrath* v. *Capell,* 7 Baxt., 196-199; *Hillman* v. *Anthony,* 4 Baxt., 444-447. In the first mentioned of these cases, in response to a motion to quash the attachment for the reason that it was in the nature of an ancillary attachment, and failed to show upon its face the several recitals which have been repeatedly held by this court to be necessary to the validity of an ancillary attachment, it was said: "We do not think there is anything in this objection. This lien is enforced by attachment sued out at law or in equity upon bill or petition under oath setting forth the facts, and proceeded with under the provisions of the preceding chapter"—citing section 3543, supra.

In *Hillman* v. *Anthony,* after stating that the attachment in a mechanic's lien case is purely ancillary, and holding that there must be a bond, writ, and affidavit as in other attachment cases, the opinion proceeds: "Without the statute authorizing the attachment in favor of mechanics, it could not issue at all, except for certain enumerated causes. This proceeding may be by bill or petition setting forth the facts, and the facts to

be set forth are those entitling him, under the statute, to the lien." Perhaps it cannot be said in strictness that these are adjudications of the point, inasmuch as the special point of practice was not in issue directly; yet, as stated, they amount to persuasive recognitions of the correctness of the practice referred to.

It seems, however, that the language of section 3543 is in itself sufficiently explicit, and this is re-enforced by the fact that this section is found in a chapetr entitled "Of the Enforcement of Liens." The words, therefore, "sued out upon bill or petition under oath," were not idle ones, but intended to have the meaning which they so clearly express. Moreover, they are, if not an essential, yet a homogeneous, part of a comprehensive plan for administering the lien in question in the same manner in the two chief inferior courts of our system in such way as to be least expensive to litigants having causes of this character, enabling them to dispose of the whole matter in one general litigation. The method of single suits in the circuit court under the usual form of practice pertaining to that court, without the power to join other suits, would be necessarily inimical to the plan.

It is insisted by plaintiff's counsel that the construction which we have given to section 3543 is not the correct one, because it would necessitate the same method of practice before justices of the peace, inasmuch as in the same article of the Code, and in the section immediately following (section 3546), it is laid down that "the lien of mechanics, foundrymen, and ma-

chinists may be enforced by suit before a justice of the peace, for all sums within a justice's jurisdiction; and, when an attachment has been levied on the land, and a judgment rendered, and execution issued thereon, the papers shall be returned to the circuit court, there to be proceeded upon as in other cases of levy of justice's execution on land." The next section provides: "No justice's execution in any such case shall be a lien on the land, unless, within twenty days after the rendition of the judgment, an abstract thereof, showing the name of the plaintiff and the defendant, the date and the amount of the recovery, shall be registered in the office of the register of the county in which the judgment is rendered."

Even if it should follow, as a necessary consequence of the construction which we have given to section 3543, that there would also have to be a bill or petition filed before a justice of the peace to enforce liens for sums within his jurisdiction, that would by no means invalidate the construction. Still, however, the conclusion insisted upon by plaintiff's counsel does not at all follow. The language used in sections 3543 to 3548, inclusive, is clearly applicable to previously recognized forms of pleadings in the circuit and chancery courts, and they are not applicable to any previously recognized method of procedure before justices of the peace. Indeed, the special directions given with reference to the return of the papers to the circuit court

110 Tenn—17

for condemnation of the land after the levy of the justice's execution, and the provision with reference to the registration of an abstract of the justice's judgment, marks proceedings before these officers as standing wholly apart from the provisions made for the circuit and chancery courts.

As to the form of suing out the attachment before justices of the peace for the enforcement of mechanics' liens, we do not now consider, and, of course, cannot authoritatively determine. We are left to infer as to these proceedings the practice from other attachment proceedings before justices of the peace—that is, by affidavit, stating the grounds; inasmuch as unmistakable reference is made to the special practice obtaining in cases generally before justices of the peace where land is levied on under execution, the practice being assimilated in this particular, it would be reasonable to infer that it was the intention of the legislature to, in the same manner, assimilate the practice before them in respect of attachments, no other express direction being given.

We are referred by counsel to *Brown* v. *Brown,* 2 Sneed, 431, as authority for the practice adopted by him in this case. That case does hold substantially as insisted upon, but it was decided at the December term, 1854, before the enactment of the Code of 1858, which introduced the special language under examination, and hence it is not authority for the construction of the section of the Code referred to; that section having intro-

duced a provision which was not in existence in 1854, and hence was not before the mind of the court when that case was decided.

It was also said by plaintiff's counsel that in Milliken & Vertrees' Compilation of Statutes, commonly called "Milliken & Vertrees' Code," section 3543 (4286 of that compilation) was set down as follows: "The mechanic's lien shall be enforced by attachment at law or in equity, or by judgment at law and levy of the execution upon the property, subject to the lien." It is further said that the compilers above referred to so rewrote that section because they conceived that chapter 19, p. 23, of the Acts of 1873, had made this change in the law, and that this court in the case of *Phillips & Buttorff Mfg. Co.* v. *Campbell*, 93 Tenn., 469, 25 S. W., 961, recognized that construction as the true one. The single question considered in that case may be thus stated: There was a suit brought in the circuit court to enforce a mechanic's lien for the sum of $37.50. There was a demurrer to the jurisdiction on the ground that the circuit court had, by statute, jurisdiction of no case involving a less sum than $50. To meet this contention, the plaintiff replied that there was no law authorizing the enforcement of mechanics' liens in any other than a court of record. The court considered this contention, and upon a thorough examination of our statutes upon the subject in the opinion referred to it was held that justices of the peace had jurisdiction to enforce the lien for the sum sued for.

In the course of the discussion, and merely in passing, the justice who delivered the opinion made the following remark: "It may be well to note that Messrs. Milliken & Vertrees, in their compilation, treat the act of 1873 as having amended section 3543, as well as 1987, of the Code, and consequently omit from their corresponding sections (Mill. & V. Code, secs. 2747, 4286) the words introduced by the codifiers in 1858." As stated, this was merely a casual remark dropped out in the course of a general discussion, and was not intended to be an adjudication of the matter referred to, and, in view of the question then under examination, could not have been. The act of 1873 afforded an additional remedy, viz., "by judgment and execution at law, to be levied upon the property on which the lien is." It did not purport to amend section 3543, and did not amend it. Indeed, it does not cover the whole ground occupied by the attachment proceeding, inasmuch as it does not apply to subcontractors and materialmen who have no contractual relation with the owner of the property, as shown in *Taylor* v. *Lumber Co.,* 107 Tenn., 41, 63 S. W., 1130.

We shall now briefly consider the second question. As previously stated, his honor the circuit judge quashed the attachment writ because it had been issued by the clerk of the court without the fiat of a judge or chancellor. It is conceded that the action of the circuit judge was in accord with the opinion of this court in the case of Lane & Bodley v. Wood & Trimble, decided at the December term, 1876, and reported in 1 Tenn.

Cas., 648, a publication issued in 1898. We are asked to overrule that case, because it is said that it is unsound in principle, and is opposed to an earlier case— *Brown* v. *Brown*, 2 Sneed, 431—and because it remained unpublished so long that counsel and litigants were taken unawares.

As to the last point, we do not think this entitled to very great consideration, inasmuch as the case was published more than four years ago, and has long been accessible to the profession.

As to the second point, it is true that *Lane* v. *Wood* is directly opposed to the previous case of *Brown* v. *Brown*. What was said in *Brown* v. *Brown*, however, upon the subject of the granting of the attachment by the clerk of the court was merely dictum.

With respect to the merits of the question, if it were *res integra*, it might well be decided either way. There is much force in the contention of counsel for plaintiff in error that the whole of the preceding chapter of the Code (chapter 10) was referred to, and therefore that all of the provisions concerning attachments sued out under section 3455, and especially section 3463, concerning the granting of attachments by clerks, would also apply to suits to enforce mechanics' liens; but there is also equal force in the suggestion made by counsel for defendant in error that the reference was really to article 6, only, of that chapter, entitled "Mode of Procedure in Attachment Cases." As stated, if the question were an open one, we think that either view of the case might

be adopted with good reason.   The question, then, being one of doubtful construction of our statutes, we do not feel at liberty to overrule the former decision of *Lane* v. *Wood,* supra, which took the view, in substance, now insisted upon by defendant's counsel.   This decision has been long in existence, and we do not think it should be overruled, involving as it does a mere point of practice; the point itself, on the merits of the inquiry, being a doubtful one at best.

Let the judgment be affirmed.