Dollman *v.* Collier.

DOLLMAN *v.* COLLIER.

(*Jackson.*   May 31, 1893.)

1. MECHANIC'S LIEN.   *Abandoned and lost, when.*

A contractor's lien upon property for the value of labor and materials expended in its improvement, under contract with the owner, is abandoned and lost when the contractor seeks, by attachment suit in equity to enforce his lien, but fails to have the attachment issued and levied upon the property.

Code construed: § 2747 (M. & V.).

Cases cited and approved: Barnes *v.* Thompson, 2 Swan, 312; Brown *v.* Brown, 2 Sneed, 432; McLeod *v.* Capel, 7 Bax., 199; Shelby *v.* Hicks, 5 Sneed, 200.

2. SAME.   *Contractor entitled to personal decree.*

But the contractor is entitled, in such case, under the prayer for general relief, to a personal decree against the owner of the property for the amount due.

Case cited and approved: Dodd *v.* Benthall, 4 Heis., 601.

3. CHANCERY PRACTICE.   *Effect of concurrent finding of Master and Chancellor.*

Doctrine re-affirmed that concurrent finding of Master and Chancellor upon matters of fact has the weight of the verdict of a jury.

Cases cited and approved: Brown *v.* Daily, 85 Tenn., 218; Turley *v* Turley, 85 Tenn., 251.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. W. D. BEARD, Ch.

MYERS & SNEED and GANTT & PATTERSON for Dollman.

SMITH & TREZEVANT and W. W. GOODWIN for Collier.

A. D. BRIGHT, Sp. J. Complainant filed this bill against Defendant Collier *et al.*, seeking to enforce a mechanic's lien on the lot and building known as the Appeal Building, situated in Memphis, Tenn., on the corner of Main and Jefferson Streets. Complainant, being a carpenter and contractor, entered into a contract, in July, 1888, with Defendant Collier to furnish the material and do the carpenter's work in framing and covering said building. This work was done, accepted, and paid for; and on May 20, 1889, complainant contracted to do the inside wood-work, etc., of said building according to the plans and specifications of the architect, E. C. Jones. This bid was accepted at $13,249. Complainant again bid, on June 12, 1889, on some extra work for the sum of $3,290, the two bids on contract aggregating $16,590.

Complainant went to work under his contract, furnishing the material and doing the work, but before he had completed it, he was discharged by Collier, and not allowed to complete his contract. Though complainant stood ready, willing, and able to complete the work and carry out his contract, he was not allowed to do so by Defendant Collier. Thereupon he filed this bill claiming a mechanic's lien for the amount due him for the materials

furnished and work done, etc., and for damages against Collier for breach of contract.

Collier answered denying the equities of the bill, and set up a counter claim as offset against complainant for damages for negligent and defective work, etc.

Complainant prayed for an attachment, but none ever issued, nor was any attachment ever levied on the property, nor was any injunction issued.

The Chancellor adjudged that complainant was entitled to recover of Collier for material and labor furnished, and decreed a lien as mechanic, and that he was entitled to recover damages, etc., for breach of contract, and referred the matter to the Master to take proof and report the amount due complainant, and also amount of damages on breach of contract. The Master reported $9,867.85 due for work and material, etc., and $2,500 damages, aggregating $12,367.85. To this report various and numerous exceptions were filed by Collier. The Master overruled all of the exceptions, and defendant appealed to the Chancellor.

Upon the appeal to the Chancellor, he sustained the report of the Master in all things except item No. 32 of thirty dollars. With this exception the report was confirmed by the Chancellor.

The Chancellor then pronounced a final decree (deducting the thirty dollars) in favor of Dollman against Collier for the sum of $12,337.85, with interest from January 19, 1893, and all costs, and awarded execution. The Chancellor· also decreed

that $9,837.85 of the $12,337.85 was a mechanic's lien on the lot and building, situated on the northwest corner of Main and Jefferson Streets, City of Memphis, Shelby County, Tennessee, and setting out the boundaries of same. This decree of mechanic's lien was by the Court decreed to be subordinate to a trust deed to John Dunn, trustee, executed by Collier and wife to said Dunn to secure a debt for about $66,000, and the trustee and beneficiaries are made parties to this suit. And the decree further recites that Collier and wife had, pending this suit, conveyed the property to the Memphis Appeal Company, and that the Appeal Company had executed a trust deed on same to secure a large indebtedness, and that a suit was pending in the United States Court at Memphis against Collier, Dollman, and all other parties interested to foreclose said trust deed to said Dunn, and to sell said lot and building for payment of said debt, and to marshal the liens and securities on same; and, in view not to sacrifice said property, the Court ordered and decreed no sale of said property to be made at present, but said lien will be and is declared on said property in favor of complainant for the amount aforesaid, and will be enforced, and retained the cause in Court for this purpose, etc.

Defendant prayed an appeal from this decree, but failed to perfect his appeal, and the defendant has brought the case here by writ of error, and has assigned errors. It is insisted by defendant

that the Chancellor was in error in decreeing and declaring a mechanic's lien in favor of complainant, he having failed to have an attachment issued and levied upon the property.

The Code, M. & V., § 2747, in regard to mechanic's lien, says it "shall be enforced by attachment, either in law or equity, or by judgment and execution at law, to be levied upon the property on which the lien is."

This Court, in *Barnes* v. *Thompson,* 2 Swan, page 312, says, in construing mechanic's lien law: "The benefit of the lien given the mechanics can only be preserved by attachment." Also holding that the word "may" is generally construed in statutes to have the same meaning as the word "shall."

Again, in *Brown* v. *Brown,* 2 Sneed, 432, this Court, construing the mechanic's lien law, the case of *Barnes* v. *Thompson* is cited and approved on this point, and the Court says: "And, if the plaintiff desires to secure and enforce his lien for the satisfaction of the judgment to be rendered in the case, he must also cause an attachment to be levied on the property." To the same effect is *McLeod & McGrath* v. *Capel,* 7 Bax., 199, and 5 Sneed, 200.·

· Thus, it will be seen that, in order to preserve or enforce this lien in this case, an attachment must issue and be levied upon the property. This complainant has not done; hence, he is not entitled to the lien, he having lost or abandoned his lien. Therefore, the Chancellor was in error in

decreeing the lien and declaring same a lien on the property, and decreeing a sale of same.

It is insisted by defendant that no personal decree can be rendered in this case against defendant; that his bill is framed to enforce a mechanic's lien, and that a personal decree cannot be rendered on the prayer for general relief, as it is inconsistent with the prayer for enforcement of the lien, and that there is error in amount of decree for complainant. While on the other hand, the complainant insists that he is entitled to the personal judgment, and to have execution issued and levied upon the property described in his bill, and thus enforce the lien under. latter portion of § 2747 of Code (M. & V.).

It is true, and we so hold, that complainant has *lost* his mechanic's lien, by a failure to have an attachment issued and levied upon the property. We also hold that complainant is entitled to a personal decree for his debt, not, however, a personal judgment in aid of the mechanic's lien. Suppose complainant had caused an attachment to issue, and it had been levied upon the property, and, upon final decree, for some cause, the lien had been denied him, could he then ask for a personal judgment for his debt, under prayer for general relief, and have execution issued thereon and levied upon the specific property and enforce the lien that was denied, all under the prayer for general relief? Unquestionably not; yet this is what complainant is asking.

Under a prayer for general relief, parties filing vendor's bill, failing to establish the vendor's lien, are entitled to a personal judgment against the defendant; so in cases of bills to set aside conveyance for fraud, ordinary attachment bills, etc. So in the present case, we think he is entitled, under the prayer for general relief, to a personal judgment. 4 Heis., 601. The judgment, however, is not such a judgment as will bring the case under the latter part of §2747 (M. & V.) Code. It is not to operate as a judgment and execution to be levied upon the property, within the meaning of the Act to enforce a mechanic's lien. He has no lien to enforce. The bill is not framed with such a view. The bill, in its primary object, is entitled to enforce the lien by attachment only. Under the prayer for general relief, it may be treated as an ordinary action of debt, without reference to any lien. We hold that he has failed to show himself entitled to the primary relief sought, because he has not caused the attachment to issue and be levied upon the property. It is not a suit to obtain judgment and have execution levied upon the property to enforce a mechanic's lien; nor can this be done under prayer for general relief. Complainant is entitled to a general judgment and execution, and not a judgment and execution to be levied upon the specific property under the statute to aid or enforce the mechanic's lien.

The Master's report having been concurred in

by the Chancellor, has the weight of the verdict of a jury.    1 Pickle, 218, 251.

We have examined the proof, and find that the proof sustains the Master's report, and action of the Chancellor confirming same.

The decree of the Chancellor decreeing and declaring a mechanic's lien in favor of complainant, and decreeing that he is entitled to have the property sold to satisfy same, is reversed.

With this modification, and with the qualifications set out herein, the decree of the Chancellor decreeing the personal judgment and awarding execution herein, will be affirmed.

Complainant will pay the costs of this Court, and the costs of the Court below will be paid as adjudged by the Chancellor.