TAYLOR v. LUMBER CO.

*(Jackson.    May 4, 1901.)*

1. MECHANICS' LIEN.  *Subcontractor's Rights.*

A subcontractor is not entitled to personal judgment against the owner of property for the value of labor or materials furnished to a contractor and put into its improvement.    There is no privity between the subcontractor and the owner of the property in such case.  *(Post, p. 42.)*

2. SAME.  *Same.*

A subcontractor, not being entitled to judgment against the owner of the property for the value of materials or labor furnished to a contractor and put into its improvement, cannot enforce his mechanics' lien for same against the property by execution, but alone by attachment.    The statutory provision for enforcement of mechanics' liens by execution as well as by attachment, though general in terms, is restrained by necessary construction to contractors' liens, who are in privity with the owner of the property and entitled to personal judgment against him, upon which execution may issue.  *(Post, pp. 42–45.)*

Act construed : Acts 1873, Ch. 19.

Code construed : §§ 3531, 3540, 3543, (S.); §§ 2739, 2740, 2746, 2747 (M. & V.); §§ 1981, 1986–7, (T. & S.).

Cases cited : Barnes v. Thompson, 2 Swan, 313.

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County.   J. S. GALLOWAY, J.

Taylor *v.* Lumber Co.

S. J. SHEPHERD for Taylor.

C. R. WHITE for Lumber Co.

BEARD, J. This suit was instituted in a Justice of the Peace Court by an ordinary summons, and without attachment, by a subcontractor to enforce a furnisher's lien for material used by the principal contractor in the construction of a house upon the lot of a married woman. There was a judgment in the Court below against the married woman and her husband for the amount claimed by the furnisher, with an order for the issuance of a *venditioni exponas* for the sale of the lots to satisfy the alleged lien.

It is clear that the trial Judge was in error in rendering a personal judgment against the defendants below, as there was no pretense of privity between them and the plaintiff. They neither bought the lumber furnished, nor is it claimed that they assumed the debt of the principal contractor to whom it was furnished.

In fact the record shows that they had settled in full with him, and whatever loss may occur to the plaintiff below was by reason of his default.

We think there was also error in the judgment as to the property. Chapter 37 of the Acts of 1825 first created the mechanics' lien, and Chapter 118 of the Acts of 1846 perfected "the lien

Taylor *v.* Lumber Co.

of mechanics," and extended its benefit to "journeymen and others." Up to the passage of this latter Act there was great doubt with the Courts and among the lawyers of the State as to the "proper form and mode of proceeding" for the enforcement of this lien. *Barnes* v. *Thompson*, 2 Swan, 313.

The third section of this Act of 1846, however, provided as follows: "That the lien herein given may be enforced by attachment at law or in equity."

Under this statute all parties claiming the benefit of this lien, in order to secure it, were forced to sue out an attachment against the property sought to be subjected to it.

These several statutes were brought into the Code of 1858, and were embodied in §§ 1981, 1986, and 1987 thereof. The failure, therefore, to have issued an attachment in the present case is fatal to this proceeding, unless there is some other statutory provision which preserves it. It is claimed that such provision is found in Chapter 19 of the Acts of 1873, which provides as follows: "That § 1987 of the Code be so amended as to read as follows, to wit: This lien shall be enforced by attachment either in law or equity or by judgment and execution at law, to be levied upon the property on which the lien is."

While the original section afforded a remedy to the contractor and subcontractor alike, we can-

not believe that the amendment was intended by the Legislature to cover the case of a subcontractor, who stands in no privity with the owner. On the contrary, we think its only purpose was to give a choice of remedies to the original contractor.

The terms used, it seems to us, forbid any other construction. They are technical terms, and have a fixed legal meaning.

The word "judgment," when used in actions *in personam,* implies two parties, one, the plaintiff, in whose favor, and the other, · the defendant, against whom the judgment may be pronounced. As said in *Kramer* v. *Robinson,* 9 Iowa, 114, "at law the judgment is yea or nay, for one party and against the other."

But there can be no judgment in this sense, in such a case as the present, where no contractual relations exist between the parties. Again, the statute provides for an "execution at law to be levied on the property on which the lien is."

It would be an anamolous writ, an execution issuing against no one as defendant. It is to be noted that the statute is specific that the writ issuing is to be an "execution at law, not a *venditioni exponas.*" .

The latter is distinctive in character, and will always be awarded where the leinor is proceeding by attachment. ·

It is a writ commanding the officer to sell the

goods and chattels or real property, already brought by a levy of some prior writ within the custody of the law. Vol. 11, Am. & Eng. Enc. of the Law, p. 609.

The execution, however, provided in this amendatory act is one "to be levied," and rests upon no preceding levy. It is, in other words, the writ of *fieri facias,* which is equally distinctive.

To hold otherwise would be to sink well established differences, producing confusion in practice, where no practical good is to be accomplished. For holding that the subcontractor's lien is to be enforced only by attachment, leaves him the amplest remedy.

The judgment is reversed, and the suit is dismissed.