Warner v. Yates.

MRS. LENA A. WARNER *v.* A. H. YATES & COMPANY.

(*Jackson.* April Term, 1907.)

1. **MECHANIC'S LIEN.** Enforcement by subcontractors as by contractors, excepting judgment and execution.

The provisions of our statutes for the enforcement of the liens of mechanics and furnishers apply alike to principal contractors and subcontractors, except that subcontractors, not being creditors of the owners of the property upon which the improvements are made, cannot enforce their liens by judgment and execution. (*Post, p.* 552.)

Code cited and construed: Secs. 3540, 3543, 5306, 5310 (S.); secs. 2746, 2747, 4286, 4290 (M. & V.); secs. 1986, 1987, 3543, 3547 (T. & S. and 1858).

Acts cited and construed: Acts 1881, ch. 67; Acts 1889, ch. 103.

Case cited and approved: Lumber Co. v. Loeb, 110 Tenn., 251.

2. **SAME.** Attachment for its enforcement is not original or leading process, but is collateral or auxiliary.

The attachment authorized by statute for the enforcement of the liens of mechanics and furnishers is not original or ancillary process. It is extraordinary process not to be issued except upon the order of a judge or chancellor in suits brought in the circuit and chancery courts. It cannot be used as the leading process to bring the defendants before the court. It is auxiliary in its nature and collateral to the original or leading process by which a suit is commenced and may be incorporated with the leading process, though not constituting leading process. (*Post, pp.* 552, 553.)

Code cited and construed: Secs. 3543, 5306, 5310 (S.); secs. 2747, 4286, 4290 (M. & V.); secs. 1987, 3543, 3547 (T. & S. and 1858).

Cases cited and approved: Brown v. Brown, 2 Sneed, 432; Murry v. Conner, 4 Bax., 220; Hillman v. Anthony, 4 Bax., 444; Lane v. Wood, 1 Tenn. Cas., 648; Lumber Co. v. Loeb, 110 Tenn., 251.

Warner v. Yates.

3. **SAME.** Procedure before justices of the peace for its enforcement by suit and attachment.

No form of procedure for enforcing the liens of mechanics and furnishers before justice of the peace is prescribed by statute, and the proceedings must be according to the course of the common law as near as possible. There must be a suit brought by the party seeking to enforce the lien, and an attachment sued out against the property upon which the lien is claimed, simultaneously with the issuance of the warrant. (*Post, pp.* 553, 554.)

4. **SAME.** Necessary parties defendant to suit of subcontractor for its enforcement.

Where the suit is brought by a subcontractor or to enforce the mechanic's and furnisher's lien, the principal contractor and the owner of the property upon which the lien is claimed must both be made parties defendant, because the former is the debtor sued and because it sought to reach the property of the latter, and both must have their day in court to constitute due process of law. (*Post, p.* 554.)

5. **SAME.** What justice's warrant in suit for its enforcement should contain.

In a suit before a justice by a subcontractor to enforce a mechanic's and furnisher's lien, the warrant should contain a brief statement of the facts constituting his right to recover against the principal contractor and to a lien against the property of the owner, and show upon its face that an attachment had been sued out to enforce the lien claimed. (*Post, p.* 554.)

6. **SAME.** Of subcontractor is barred, when suit is delayed ninety days after notice of lien.

A subcontractor's suit before a justice to enforce the mechanic's and furnisher's lien is not commenced by the issuance of an attachment, and where the warrant is not issued within ninety days after the service of the notice of the lien, the suit is barred by the statute of limitation. (*Post, p.* 555.)

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby County.—H. W. LAUGHLIN, Judge.

PIERSON & PIERSON, for Warner.

TURLEY & TURLEY and SAM. P. WALKER, for Yates.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This is an action brought by A. H. Yates & Co., the defendants in error, to enforce a furnisher's and mechanic's lien claimed by them as subcontractors under chapter 67, p. 79, Acts of 1881, as amended by chapter 103, p. 207, Acts of 1889 (Shannon's Code, sec. 3540), against the property of Mrs. Lena A. Warner, the plaintiff in error, before F. M. Guthrie, Esq., a justice of the peace of Shelby county.

A. H. Yates & Co., as subcontractors under Mansfield Bros., furnished the material and put the plumbing in a house built by their principals for Mrs. Warner in the city of Memphis. Mansfield Bros., although they received payment in full, failed to pay A. H. Yates & Co. a balance of $115.35 due them. A. H. Yates & Co., by proper notice served October 31, 1904, upon Mrs.

Warner v. Yates.

Warner, fixed a furnisher's and mechanic's lien in their favor as subcontractors upon the property improved. On January 20, 1905, they caused an attachment to be issued from the office of F. M. Guthrie, Esq., affidavit and bond having been made and filed, for the purpose of enforcing their lien, which was upon the same day levied upon the property of Mrs. Warner. On February 16, 1905, they procured from the same justice of the peace a warrant in the usual form against Mrs. Warner, summoning her to "answer A. H. Yates & Co. in a plea of debt by account," and reciting that "this suit had been commenced by original attachment to enforce a mechanic's lien under $500," which was served upon her, and the case set for trial on February 22, 1905, before F. M. Guthrie, Esq. Mansfield Bros., the principal contractors, were not made parties to any of these proceedings. There was judgment against the defendant in that court, and on appeal in the circuit court, and she now prosecutes an appeal in the nature of a writ of error to reverse the same. The defense made in both trial courts and presented by the first assignment of error is that the lien fixed by the defendants in error expired by limitation before suit was brought to enforce it. We think this defense should have been sustained. There was no suit brought to enforce the lien within ninety days after the service of the notice. The issuance of the attachment on January 20, 1905, for the avowed purpose of enforcing the lien, was not the commencement of the suit.

Our statutes authorizing the enforcement of mechanics' and furnishers' liens by attachment are found in the Code, and are as follows:

"Sec. 1987.   This lien shall be enforced by attachment either in law or in equity, or by judgment and execution at law, to be levied upon the property on which the lien is."

"Sec. 3543.   The mechanic's lien shall be enforced by attachment at law or in equity or by judgment at law and levy of execution upon the property subject to the lien."

"Sec. 3547.   The lien of mechanics, foundrymen and machinists may be enforced by suit before a justice of the peace for sums within a justice's jurisdiction, and when attachment has been levied on land and judgment rendered and execution also levied thereon the papers shall be returned to the circuit court, there to be proceeded upon as in other cases of levy of justice's execution on land."   Shannon's Code, secs. 3543, 5306, 5310.

These provisions apply to principal contractors and subcontractors alike, with this exception: Subcontractors, not being creditors of the owners of the property upon which the improvements are made, cannot enforce liens in their favor by judgment and execution. *Taylor* v. *Lumber Co.*, 107 Tenn., 41, 63 S. W., 1130.

The attachment authorized by these sections is not original or ancillary.   It is an extraordinary process, and cannot be issued, except upon the order of a judge or chancellor in suits begun in the circuit and chancery

courts. *Lumber Co.* v. *Loeb,* 110 Tenn., 251, 75 S. W., 1043.

It cannot be used as the leading process to bring defendants before the court, but is auxiliary in its nature and collateral to the original or leading process by which a suit is commenced. *Brown* v. *Brown,* 2 Sneed, 432; *Murry* v. *Conner,* 4 Baxt., 220; *Lane* v. *Wood,* 1 Tenn. Cas., 648.

Where an action is begun by original attachment, it may be incorporated with it, but cannot constitute the leading process. *Hillman* v. *Anthony,* 4 Baxt., 444.

The attachment that was sued out in this case does not purport to be an original attachment. The affidavit does not state any ground for the issuance of such an attachment. On the contrary, it appears by express statement in the affidavit and recital in the attachment that it is issued for the purpose of enforcing a furnisher's and mechanic's lien, and it clearly appears that it was intended to be sued out under the statutes authorizing attachment for that purpose. No summons having been issued of which it could be in aid, it was unauthorized and a nullity. The suit brought February 16, 1905, against Mrs. Warner, was after the lien had expired, and also insufficient in form.

There is no form of procedure for enforcing mechanics' and furnishers' liens before justices of the peace provided. Jurisdiction, which carries with it the power to issue the attachment, only is given by the statute. The proceedings, therefore, before the justice of the peace,

must be according to the course of the common law as near as may be. There must be a suit brought by the party seeking to enforce the lien, and an attachment sued out against the property upon which the lien is claimed, simultaneously with the issuance of the warrant. Where the suit is brought by a subcontractor, the principal contractor and the owner of the property upon which the lien is claimed must both be made parties defendant. The principal contractor is a necessary party, because he is the debtor sued, and the owner of the property, because it is sought to reach his or her property. They are both interested, and must have their day in court; otherwise, there would be a failure of due process of law. The principal contractor has the right to controvert the indebtedness claimed, and the owner of the property the existence of the lien sought to be enforced, and the action cannot be maintained without establishing both the debt and the lien. The warrant should contain a brief statement of the facts constituting the plaintiff's right to recover against the principal contractor and to a lien against the owner of the property, and should show upon its face that an attachment had been sued out to enforce the lien claimed. There was nothing of this kind done in this case. The attachment issued, we have seen, was a nullity. The warrant was issued after ninety days expired, and on its face appeared to be to recover an indebtedness from Mrs. Warner. Mansfield Bros. were not sued at all.

Warner v. Yates.

We are therefore of the opinion that the mechanic's and furnisher's lien which the defendants in error acquired by the service of notice upon the plaintiff in error was lost by their failure to bring suit within the statutory period. The judgment of the circuit court is reversed, and the case of the defendants in error dismissed, with cost.