A. M. STEELE *v.* J. C. SATTERFIELD.[*]

H. H. GRIZZARD *v.* W. G. HARDISON *et al.,*

(*Nashville.* December Term, 1923.)

1. **VENDOR AND PURCHASER.** Writ of possession lies against subsequent purchaser not party in suit to foreclose lien if he takes possession pendente lite.

In a suit by a vendor against original purchaser to enforce a registered vendor's lien, a subsequent purchaser is not a necessary party if the object is only to secure a decree against the original purchaser and a sale of such title and interest as he may have, and a writ of possession may properly issue against him and any other parties entering into possession under him *pendente lite.* (*Post, pp.* 652-654.)

Cases cited and approved: Mims v. Mims, 20 Tenn., 425; Rowan v. Mercer, 29 Tenn., 359; Fletcher v. Coleman, 39 Tenn., 384; Wilkes v. Smith, 51 Tenn., 86; Cook v. Davis, 2 Cooper, Chy., 496; Planters' Bk. v. Fowlker, 36 Tenn., 461; Thomasson v. White, 65 Tenn., 148; Terrell v. Allison, 21 Wall., 289.

2. **PARTIES.** Who should be made parties.

Generally all parties having equitable or legal rights in the subject of the litigation should be made parties. (*Post, pp.* 654, 655.)

Cases cited and approved: Clements v. Motley, 120 Ala., 575; Bogan v. Hamilton, 90 Ala., 454; Grodon v. Johnson, 186 Ill., 18-29; Wells v. Francis, 7 Colo., 396; Priddy v. Smith, 44 L. R. A,. 286; Dickinson v. Duckworth, 74 Ark., 138.

3. **VENDER AND PURCHASER.** In suit to foreclose vendor's lien, subsequent purchaser already in possession must be made defendant in order to be bound.

While subsequent purchasers are not always necessary parties to

---

[*]On right to redeem from sale enforcing vendor's lien, see note in 44 L. R. A. (N. S.) 285

a suit by a vendor to enforce a vendor's lien, it is always neces-
sary to make them parties defendant, if they are to be bound
by the decree so as to authorize a writ of possession to issue
against them where they have gone into possession before com-
mencement of the suit. (*Post, p.* 635.)

## FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County
to the Court of Civil Appeals, and by *certiorari* to the
Court of Civil Appeals from the Supreme Court.—HON.
JNO. R. AUST, Chancellor.

ROBERTS & COOPER and BUTLER & DAVIDSON, for appel-
lants.

JEFF MCCARN, PRESTON VAUGHN and ROSCOE EVANS, for
appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the
Court.

Steele sold a farm to Satterfield, retaining in his deed,
which was promptly registered, a lien to secure balance
purchase-money notes. Satterfield sold to Paris, and Paris
to Hardison, who went into possession. Neither of the
subsequent purchasers assumed the notes of Satterfield,
nor was reference made thereto in the latter conveyances.
Steele filed his bill to enforce his vendor's lien, making his
original vendee, Satterfield, alone a defendant; Hardison
being at the filing of the bill in actual possession, culti-

vating the land, and after *pro confesso* a final decree of sale was duly entered, under which the land was sold to Grizzard, to whom a writ of possession was duly awarded, which was executed upon Hardison and Grizzard put in possession. Various proceedings were ineffectively brought by Hardison to resist or set aside his dispossession, but finally he filed in the original cause of *Steele* v. *Satterfield* a petition for a writ of restitution, setting up his purchase and possession, want of notice, and particularly the failure to make him a party to the original vendor's lien foreclosure under which the court sale had been made to Grizzard. This petition was answered, and by consent of parties all the pertinent proceedings were brought into the record and the issues raised by the petition duly considered by the chancellor, who sustained the petition and ordered the writ of restitution to issue. From this decree an appeal was prayed and granted to the court of civil appeals.

Meanwhile, in an independent proceeding in the same court, a bill had been filed by Grizzard against Hardison setting up title to the crops growing on the land at the time of his purchase at the court sale and seeking to restrain Hardison from wasting, destroying, or disposing thereof, and praying for a receiver, etc., to which bill a demurrer was interposed. Contemporaneously with the decree ordering the aforesaid writ of restitution to issue and consistent therewith, the determinative issues being the same, the chancellor sustained the material parts of the demurrer, and from this action an appeal was likewise prayed and granted.

The two causes coming on to be heard before the court of appeals, that court held that the appeal from the decree sustaining the petition for the writ was premature and dismissed the appeal; the language of the opinion by Judge DENISON being:

"The special equities set up in the petition for a writ of restitution should have been determined and a final decree entered in that case before an appeal to this court."

And in the case of *Grizzard v. Hardison* that court reversed the decree of the chancellor, sustaining the demurrer of Hardison, and remanded the cause with leave to the defendant to rely on the grounds of demurrer in his answer.

Both parties have presented petitions for review, and both agree that the court of civil appeals is in error in holding that the appeal from the decree in *Steele v. Satterfield* is premature, as the decree was in fact determinative of the only material issues remaining in the cause and in effect final. We shall so treat it. The issue presented by the demurrer in the case of *Grizzard v. Hardison* is practically the same as that arising on the petition for the writ, that is, whether or not this subsequent purchaser, in possession of the land at the time of the institution of the suit to enforce the lien by the original vendor, to which he is in no way made a party, is bound by the decree of sale so that a writ of possession thereunder may lawfully run against him in favor of the purchaser at said sale. Such a subsequent purchaser is not a necessary party, if the object is only to secure a decree against the original vendee for the debt and a sale of such title and interest as he may have in the land covered by the lien; and a writ

of possession may properly issue to the purchaser in such a proceeding to run against such vendee and any other parties who may have entered into possession under the vendee *pendente lite,* but the force of the decree and the power of the writ in such a case is thus limited. .-

Learned counsel for Grizzard cite the following Tennessee cases in support of their insistence that the original vendee, Satterfield, was the only necessary party defendant: *Mims* v. *Mims,* 1 Humph., 425; *Rowan* v. *Mercer,* 10 Humph., 359; *Fletcher* v. *Coleman,* 2 Head, 384; *Wilkes* v. *Smith,* 4 Heisk., 86; *Cook* v. *Davis,* 2 Cooper, Chy., 496; *Planters' Bk.* v. *Fowlker,* 4 Sneed, 461; *Thomasson* v. *White,* 6 Baxt., 148.

None of these cases appear to be decisive of the exact question here involved. The holdings in *Mims* v. *Mims* and *Rowan* v. *Mercer,* supra, that a decree of foreclosure of a mortgage is not invalidated by failure to make either prior or subsequent encumbrancers parties, do not control here. These holdings are not in conflict with the theory that those not parties are not affected, but rather confirm it.

In *Fletcher* v. *Coleman,* supra, general language is used to the effect that it is unnecessary to bring in subsequent vendees, but the court was evidently not dealing with a case in which the subsequent vendee was in possession, and in other respects that case differs from the one at bar.

*Thomasson* v. *White,* in so far as it is authority on this question at all, is directly against the contention of petitioner Grizzard; the court saying, "if he was in possession before the suit commenced, the writ of possession was improperly issued as to his removal" (he not being a party). Nor do any of the authorities to which we are

cited sustain the insistence that a decree in a vendor's lien foreclosure proceeding is so binding upon a subsequent purchaser in possession that a writ of possession may lawfully run against him.

On the contrary, in *Terrell* v. *Allison,* 21 Wall. (88 U. S.), 289, 22 L. Ed., 634, Mr. Justice FIELD says that "the writ of assistance can only issue against parties bound by the decree;" that, "It is a rule old as the law that no man shall be condemned in his rights of property . . . without his day in court; that is, without being duly cited to answer respecting them, and being heard or having opportunity of being heard thereon." (It will be observed that the character of notice by which he will be bound is thus defined as "cited to answer," not merely informal information of the pendency of the proceeding as relied on by learned counsel for Grizzard in this case.) Mr. Justice FIELD then proceeds to indicate reasons for the rule which are manifestly sound on principle and applicable to the case at bar.

And not only is it the general rule that all parties having equitable or legal rights in the subject of the litigation should be made parties, but it is directly held that this rule applies to suits to enforce a vendor's lien. 39 Cyc. of Law Procedure, 1858-1860, and notes; *Clements* v. *Motley,* 120 Ala., 575, 24 South., 947; *Bogan* v. *Hamilton,* 90 Ala., 454, 8 South., 186; Story's Eq. Pld., sections 207 and 201; *Gordon* v. *Johnson,* 186 Ill., 18-29, 57 N. E., 790; *Wells* v. *Francis,* 7 Colo., 396, 415, 4 Pac., 49.

These and other authorities hold that the express vendor's lien is in the nature of a mortgage, so that the rule as to the rights of the owner of the property at the time of

the commencement of the suit as laid down in *Terrell* v. *Allison,* supra, which was a mortgage proceeding, applies alike in such cases.

It is also very generally held that in order to cut off the right of redemption of a subsequent vendee he must be before the court in the foreclosure proceeding. See authorities cited in note to *Priddy* v. *Smith,* 44 L. R. A. (N. S.), 286, and also see note to *Dickinson* v. *Duckworth* (74 Ark., 138, 85 S. W., 82) in 4 Ann. Cas., 846. Many cases directly sustaining the proposition that a writ of possession may not issue except against parties, or persons in privity with parties, who have been concluded. by a decree, will be found cited in Ann. Cas., 1913D, 1124.

It results, as already indicated, that while subsequent vendees are not always necessary parties to the suit to enforce the express lien retained in the original deed, it is always necessary to make them parties if they are to be bound by the decree so as to authorize a writ of possession to issue against them when they have gone into possession before the commencement of the suit.

In a clear and able opinion appearing in the record, the learned chancellor has reviewed the authorities dealing with this question, and we concur in the conclusions reached by him, with the result that the decree of the court of civil appeals is reversed and the decree of the chancery court in both causes affirmed.