FISCHER LIME & CEMENT COMPANY, COMPLAINANT, APPELLEE, *v.* GEORGE C. KAUCHER *et al.*, DEFENDANTS, APPELLANTS.

(*Nashville,* December Term, 1931.)

Opinion filed July 2, 1932.

658

G. P. Douglass, Holmes, Canale, Lock & Glankler and Hamilton E. Little, for complainant, appellee.

Wilson, Kyser, Armstrong & Allen, for defendants, appellants.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit to enforce a mechanic's lien, which was dismissed by the chancellor. The Court of Appeals reversed the chancellor's decree, holding that the complainant was entitled to a lien but that its claim should be reduced by certain credits. Both sides were dissatisfied with the decree of the Court of Appeals and filed petitions for *certiorari*. Both petitions have been granted and the cause argued here.

The Tri-State Compress & Warehouse Company, a Tennessee corporation, contracted with Kaucher for the erection of a compress and warehouse. He did not pay for material furnished by complainant. During the progress of the building, other parties acquired an interest in the property and a new corporation was formed, known as the Tri-State Compress Company, the stock of the new company being divided between the original interests and the new interests. A conveyance of the property by the old corporation to the new corporation was regularly executed and duly placed of record. This conveyance was made subject to an underlying mortgage. The mortgage, however, need not be further noticed, since the trustees thereof were made parties hereto, and the effort of complainant is to reach only the equity in the property.

The complainant made the old corporation a party to its bill. Later, when it learned of the conveyance by the old corporation to the new corporation, its bill was amended so as to bring in the new corporation—the new corporation owning the property at the time of suit and at the time of notice of the claim of lien.

The new corporation filed a plea to the amended bill setting out that notice of the claim of lien was not served on it as required by statute and that more than ninety days had elapsed after the service of notice on the old corporation before the new corporation was made a party to the suit. The chancellor, as said before, sustained this plea and dismissed the bill insofar as it sought to enforce a lien upon the property.

It will be remembered that section 3531, Thompson's-Shannon's Code, provides for a lien upon land upon which a house has been constructed, etc., or improvements made, by special contract with the owner or his agent in favor of the mechanic or undertaker who does the work or furnishes the materials.

Section 3539, Thompson's-Shannon's Code, provides that this lien shall continue for one year after the work is finished or materials are furnished and until the decision of any suit that may be brought within that time for the debt due the mechanic or undertaker, and that said lien shall bind the land although the owner may convey or otherwise dispose of the same.

Section 3540, Thompson's-Shannon's Code, provides that every journeyman or other person employed by such mechanic to work on the buildings or to furnish materials shall have this lien for his work or material, if, within thirty days after the building is completed, or the contract of such mechanic or furnisher shall expire, he shall notify in writing the owner of the property that said lien is claimed, and that said lien shall continue for the space of ninety days from the date of said notice.

We will hereafter refer to the lien created by section 3531 as the contractor's lien and the lien created by section 3540 as the subcontractor's lien.

Upon the formation of the new corporation some officers of the old corporation were elected to corresponding positions in the new corporation. Complainant's notice of claim of lien was served on these officers. Both the lower courts were of opinion that since those so served with this notice were in official position with the new corporation, the notice to the new corporation was sufficient. This ruling is not very seriously questioned and we may pass it as proper.

The real question is whether a subcontractor's lien can be enforced upon property, the owner of which is not a party to the suit. If the new corporation was a necessary party to this suit, the suit was barred by the ninety days' limitation. If the new corporation was not a necessary party, the decree of the Court of Appeals was correct. That court sustained its conclusion by reference to previous decisions of this court, which we consider.

In *Foust* v. *Wilson*, 22 Tenn. (3 Humph.), 31, in a suit to enforce the general contractor's lien, it was said that the vendee of the contracting owner, the land having been sold prior to the suit, was not a necessary party to such a suit. The vendee was, however, a party to that suit and this expression was a pure *dictum*.

In *Weller & Bell* v. *McNabb*, 36 Tenn. (4 Sneed), 422, a similar case, the vendee of the contracting owner was likewise a party, and there was no expression as to the necessity of his joinder.

*Green* v. *Williams*, 92 Tenn., 220, was a suit to enforce a subcontractor's lien. Likewise in this case the vendee and the contracting owner were both made parties. In the course of the opinion the court referred to and quoted *Blauvelt* v. *Woodworth*, 31 N. Y., 285, in which case it was held that under the New York statute the vendee was

not a necessary party to such a suit. Of course no such ruling was required in *Green* v. *Williams.*

In *Burr* v. *Graves*, 72 Tenn. (4 Lea), 522, the owner of a cotton compress, indebted to a general contractor for its erection, mortgaged the property. There was a default upon the mortgaged indebtedness and the mortgagees sold the property. Still within the year, the contractor brought suit to enforce his mechanic's lien and, under that suit, the property was sold as the property of the original owner. The purchaser at the mortgage sale was not made a party. The purchaser at the mechanic's lien sale thereafter brought suit to remove as a cloud upon the title the claim of the purchaser under the mortgage sale and this suit was sustained. The court assumed that the purchaser at the lien sale took title superior to the purchaser at the mortgage sale, although the latter was not named as a party to the lien suit. This point seems not to have been raised and was not discussed.

From the foregoing it is obvious that in no considered case has this court definitely decided that the vendee of the contracting owner, a conveyance of the property having been made prior to suit, is not a necessary party to a suit to enforce the lien of the general contractor.

The analogy of those cases in which suit has been brought to enforce a vendor's lien or to foreclose a mortgage, where the vendee or mortgagor has sold, is relied on in this connection. These cases are all reviewed in *Steele* v. *Satterfield*, 148 Tenn., 649, and in that case it was held that the subsequent purchaser was not a necessary party to such a suit if the object was only to secure a decree against the original purchaser or mortgagor and a sale of such title and interest as he might have. It was further held that a subsequent purchaser should be made a party,

if he was to be bound by the decree so as to authorize a writ of possession to issue against him, where he had come into possession before commencement of the suit.

As the earlier cases are thus limited in *Steele* v. *Satterfield,* they can not avail a subcontractor seeking to enforce his lien. In none of these earlier cases does the writ of attachment appear to have been invoked. The reasoning and ruling in *Steele* v. *Satterfield* necessarily lead to the conclusion that the property of no man can be seized and taken from his posession by process issuing in a suit to which he is not a party.

The subcontractor is in no privity with the owner of the property, he is not entitled to a judgment against the owner and can not enforce his lien by execution against the property. The subcontractor can only proceed to enforce his lien by attachment. *Taylor* v. *Lumber Co.,* 107 Tenn., 41; *Warner* v. *Yates,* 118 Tenn., 550.

The office of the writ of attachment is to seize property. Attachment dispossesses the owner and puts the property in the custody of the law and, as said in *Steele* v. *Satterfield, supra,* a man can not be condemned in his rights of property without being duly cited to answer respecting them.

Proceedings to enforce a mechanic's lien are proceedings *quasi in rem* only. Freeman on Judgments (Fifth Edition), Vol. 3, p. 3120.

As the remedy by attachment is administered in Tennessee, it is not a proceeding strictly *in rem* in any case. Seizure of the property is not sufficient notice to the owner. It is always necessary to make the owner of the property a party to the suit in which that property is sought to be attached. *Willard* v. *Cunningham* (Chy.

App.), 48 S. W., 399; *Willard* v. *Goddard* (Chy. App.), 48 S. W., 397; *Brooks* v. *Hartman,* 48 Tenn. (1 Heisk.), 36; *Blackburn* v. *Clarke,* 85 Tenn., 273; *Irvine* v. *Dean,* 93 Tenn., 345. See also *Jackson* v. *Coffman,* 110 Tenn., 271.

In many cases it has been held necessary to make the owner of the legal title a party when attachment is sought against the equity only. This rule, however, has been relaxed under certain conditions as appears from *Myers* v. *Wolfe,* 162 Tenn., 42.

The conclusion we reach herein is quite in accord with the reasoning of the court in *Warner .v. Yates, supra,* and in *Neihaus* v. *Barker Construction Co.,* 135 Tenn., 382. although the precise point now before us was not considered in those cases.

 It works no hardship on the subcontractor claiming the lien to require him to make the owner of the property.to be impounded a party to the suit. The lien claimant is entitled to rely on the record title to show ownership. *Thomas* v. *Setliffe,* 160 Tenn., 689; *Electric Light Co.* v. *Gas Company,* 99 Tenn., 371. A like requirement rests upon all plaintiffs in attachment suits.

 On the contrary, to permit the owner's estate to be seized and sold without notice to him, without making him a party to the action, is opposed. to fundamental principles of procedure. The previous owner is under no obligation to the subcontractor, has parted with the property, and has no interest in the defense of the suit, unless it be liability on covenants of his deed. If the previous owner were insolvent, or a defunct corporation, the covenant obligation would be no deterrent to collusion.

For the reasons stated, we hold that the owner of the property at the time the suit is brought is a necessary party in proceedings to enforce a subcontractor's lien. The decree of the Court of Appeals is accordingly reversed and the decree of the chancellor is affirmed.