GENERAL ELECTRIC SUPPLY
COMPANY, Petitioner-Plaintiff,

v.

ARLEN REALTY & DEVELOPMENT
CORPORATION,
Respondent-Defendant.

Supreme Court of Tennessee.

Feb. 7, 1977.

David B. Kesler, Strang, Fletcher, Carriger, Walker, Hodge & Smith, Chattanooga, for petitioner-plaintiff.

David A. Dycus, Shumacker, Thompson & Dycus, Miller, Martin, Hitching, Tipton, Lenihan & Waterhouse, Chattanooga, for respondent-defendant.

## OPINION

HARBISON, Justice.

This action was brought by petitioner to enforce a materialman's lien upon real property owned by respondent. There is no question but that timely notice of the claim of lien was given to the property owner and filed in the Register's Office pursuant to the requirements of T.C.A. §§ 64–1115, 1117. There is also no question but that suit was timely instituted by the filing of a complaint within ninety days from the date of said notice, also as required by T.C.A. § 64–1115. Regular process was issued for the property owner, the contractor and the mortgagee, these being issued on the ninetieth day after the date of notice, and on that same day a writ of attachment for the real property was also duly issued by the clerk, without fiat from the Chancellor, as authorized by T.C.A. § 64–1126(3).

The writ of attachment was not receipted for by the sheriff or his deputy, however, nor was it actually levied until five days later, this being the ninety-fifth day from the date of the lien notice.[1] The sole issue presented on this appeal is whether or not under these circumstances the claim of lien was preserved by the filing of suit or whether it expired before the levy of the writ of attachment.

The Chancellor held that since the suit had been brought and the writ of attachment issued within the statutory period, the delayed levy of the writ of attachment upon the land was not fatal to the lien claim. He accordingly overruled the landowner's motion to dismiss, but allowed a discretionary appeal. The Court of Appeals reversed, and held that the lien was lost because the attachment was not levied within ninety days from the date of notice, construing this to be mandatory under the terms of T.C.A. §§ 64–1115, 1126, and relying upon the case of *Knoxville Structural Steel Co. v. Jones,* 46 Tenn.App. 518, 330 S.W.2d 559 (1959). We granted certiorari to give further consideration to this issue.

There is no question but that the Court of Appeals did hold that both the issuance and the levy of attachment within the ninety-day period were mandatory in the *Knox-*

---

1. The writ bore a "return" date for late the following month, the third Monday in August, so that the sheriff was not delinquent in his duty in receiving and levying it on July 30.

*ville Structural Steel Co.* case, *supra.* In so doing it construed most strictly the statutory provisions involved, because in actuality there is nothing in the statutes themselves which expressly refers to the date of the levy of the writ of attachment.

The two statutes, in pertinent part, are as follows:

". . . and said lien shall continue for a period of ninety (90) days from the date of said notice in favor of such subcontractor, journeyman, furnisher, mechanic, or laborer, and until final termination of any suit for enforcement brought within that period." T.C.A. § 64–1115.

\*     \*     \*     \*     \*     \*

"Liens under §§ 64–1101—64–1142 shall be enforced by attachment only, in manner following:

(1) Where the plaintiff or complainant lienor has a contract with the owner, the lien shall be enforced by attachment upon petition at law or bill in equity, filed under oath, setting forth the facts, describing the property, and making the necessary parties defendant; or before a justice of the peace, where the amount of the claim is within his jurisdiction, the affidavit for the writ to contain such recitals.

(2) Where there is no such contract, by attachment in court of law or equity in like manner; or before a justice of the peace, having jurisdiction, based upon like affidavit, the writ of attachment to be accompanied by a warrant for the sum claimed, to be served upon the owner and may within the discretion of the plaintiff or complainant be served upon the contractor, or subcontractor in any degree, with whom the complainant is in contractual relation, but the owner shall have the right to make said contractor or subcontractor a defendant by cross-action or cross-bill as is otherwise provided by law.

"(3) The clerk of the court in which the suit is brought may issue the attachment writ, no fiat of a judge or chancellor being requisite." T.C.A. § 64–1126.

It will be noted that T.C.A. § 64–1126 does require that materialmen's liens, such as that here under consideration, shall be enforced by attachment only. It prescribes the method of filing suit and, in subsection 2, describes the necessary parties. There is no reference whatever in the section, however, as to any time limitation. The time for filing suit is prescribed in T.C.A. § 64–1115, which only refers to "any suit for enforcement brought within" ninety days after the lien notice.

The issue, then, finally must turn upon the definition of filing suit, or, as phrased in the statute, "suit . . . brought".

In the *Knoxville Structural Steel* case, *supra,* the Court emphasized the well-settled rule that strict compliance with statutory provisions is required in order to entitle a claimant to the remedy and the special priority afforded by the lien statutes. It held that the property sought to be subjected was not brought within the custody of the court until the actual levy of the writ of attachment.

In that case reliance was placed upon language contained in the opinion of *Ragon v. Howard,* 97 Tenn. 334, 347, 37 S.W. 136 (1896), dealing with similar provisions where the lien claim arises out of a direct contract with the landowner, T.C.A. § 64–1106.

In the later case of *Warner v. A. H. Yates & Co.,* 118 Tenn. 548, 102 S.W. 92 (1907), however, the Court dealt at some length with the nature of the attachment provided for in the lien statutes. In that case it was held that the attachment is neither an original nor an ancillary attachment within the meaning of those terms under the general statutes pertaining to attachments, T.C.A. §§ 23–601 et seq. Rather, the writ of attachment in a suit to enforce a mechanic's lien is a special or "extraordinary" process, "auxiliary in its nature and collateral to the original or leading process by which a suit is commenced." 118 Tenn. at 552–553, 102 S.W. at 93.

In that case, which was begun in a Justice of the Peace court, the attachment was issued and levied upon the land within the

statutory period, but no summons or "warrant", by which suits are commenced in justice courts, was issued for the landowner until after expiration of the ninety-day period. Under those circumstances it was held that the suit had not been timely brought, despite the issuance and the actual levy of the writ of attachment. It is apparent from this decision that the levy of the writ of attachment was not considered to be determinative in the definition of the bringing of suit under the earlier versions of the lien statutes. Rather the commencing of the action in the regular manner and within the statutory period, was deemed critical, and this had not been done.

The nature of the writ of attachment was also discussed in the case of *Fischer Lime & Cement Co. v. Kaucher,* 164 Tenn. 657, 51 S.W.2d 492 (1932). In that case the lien claimant had contracted with a corporation, and after completion of its work served statutory notice upon that company. It then filed suit within ninety days and there was no question but that the property had been duly attached. The original owner of the property, however, had conveyed it to another corporation in the interim, and statutory notice was not given to this new corporation, nor was it joined as a party defendant to the action until after expiration of ninety days from the date of the notice given to the original owner. Under these circumstances this Court, reversing the Court of Appeals, held that the lien could not be enforced. The Court held that the record owner of the property must be joined as a party defendant to the lien suit, and that failure to give him statutory notice and to bring suit against him within the statutory period was fatal—despite the fact that the property had been brought into the custody of the court by levy of the writ of attachment. Speaking of the attachment, the Court said:

"As the remedy by attachment is administered in Tennessee, it is not a proceeding strictly *in rem* in any case. Seizure of the property is not sufficient notice to the owner. It is always necessary to make the owner of the property a party to the suit in which that property is sought to be attached." 164 Tenn. at 663, 51 S.W.2d at 494.

From these cases, it appears to us that it is the proper commencement of the lien suit, rather than service of process or levy of an attachment writ, which is critical to the preserving and enforcing of a materialman's lien.[2] Because of the unusual relief afforded to a lien claimant, and the effect which a materialman's lien may have upon rights of third parties, the courts have properly construed the lien statutes strictly, almost rigorously, but in our opinion the statutes should not be construed so harshly as to frustrate the legislative purpose in authorizing such liens.

In the recent case of *Eatherly Construction Co. v. DeBoer Construction Co.,* 543 S.W.2d 333 (Tenn.1976), this Court adhered to a strict construction of the lien statutes, and particularly held that lien notices must be given, lien suits must be filed, and attachments must be obtained as specified by statute. That case did not involve the date of levy, however, and was consistent with many earlier cases to the effect that a lien may not be perfected or enforced when no attachment is obtained pursuant to a suit filed within the statutory period. See *Dollman v. Collier,* 92 Tenn. 660, 22 S.W. 741 (1893).

We have no disposition to depart from a strict construction of the statutes, but we are reluctant to see engrafted upon them any further or greater technicalities than their terms contain. We are of the opinion that when a lien claimant has timely filed his complaint with the clerk, praying for writ of attachment, and when that writ has actually been issued by the clerk to the sheriff within the time period pre-

---

**2.** Under the general law of attachments, at least prior to the 1967 repeal of T.C.A. § 20–302, "the filing of an attachment bill in chancery" created a lien *lis pendens* on property, holding the property until later levy of the attachment. T.C.A. § 23–635. Transfers subsequent to the filing date—not just the levy date—were made voidable. For effect of the 1967 legislation, see *Land Developers, Inc. v. Maxwell,* 537 S.W.2d 904, 916–917 (Tenn.1976).

scribed in T.C.A. § 64–1115, then the suit has been "brought" within the meaning of the statute, and in compliance therewith, even though the sheriff does not go through the process of making a "levy" upon the real property until after expiration of the ninety-day period.

■ Although in no way mandated by them, we believe that this result is consonant with the spirit and the intention of the Rules of Civil Procedure.[3] These seek to prevent parties from having their claims time-barred through inadvertent actions of a court clerk or a sheriff's department, over neither of whom the litigants or counsel have control.

Rule 3 of the Rules of Civil Procedure provides:

"All civil actions are commenced by filing a complaint with the Court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be returned served or unserved. . . ."

■ Rule 4 requires that the clerk shall "forthwith" issue the required summons upon the filing of the complaint. In the instant case this was done, and the clerk issued both the summons and the special writ of attachment which were duly prayed for in the complaint. The reason for the delay of the sheriff, or his deputy, in taking receipt of the writ and making the actual levy upon the real property does not appear. Notice of the lien claim had already been filed in the Register's Office and served on the landowner, however, and the suit had been timely filed in the clerk's office. We can conceive of no prejudice to the landowner or any third party under these circumstances and find no reason for engrafting upon the language of T.C.A. § 64–1115 a further requirement that the actual levy

of the writ of attachment must occur on or before the ninetieth day from the date of the lien notice. There is no doubt that the General Assembly could so specify, if it felt that any useful purpose would be served by such requirement, but we believe that both the landowner and third parties are given ample notification of the lien claim when timely statutory notice has been filed in the Register's Office, the landowner served therewith and the complaint duly filed with the clerk of the court.[4]

Of course, if the lien claimant or his counsel should fail to seek proper writs of attachment, should request delay in service of same, or should in some other manner be responsible for any substantial delay, a different result might obtain. Neither counsel nor the litigants, however, have control over or direct responsibility for the acts of the public officials who receive and serve process under existing statutes. Sheriffs have thirty days within which to return ordinary process under Rule 4, and otherwise must return process as required by orders of the court or by the terms of the writ itself. As we have previously noted in the present case, the writ of attachment was issued on the ninetieth day after the lien notice but the terms of the writ did not actually require a "return" until the beginning of the next term of the chancery court, more than three weeks from the issue date.

After careful consideration, we are of the opinion that the rule laid down in *Knoxville Structural Steel Co. v. Jones,* 46 Tenn.App. 518, 330 S.W.2d 559 (1959), is unduly strict and that it imposes a requirement not specifically contained in the lien statutes. Insofar as it requires levy of the attachment on land to be made within ninety days after the lien notice, it is overruled. In making this decision, however, the Court does not intend any drastic or substantial departure

---

3. Rule 64 expressly provides that remedies for seizure of persons or property in civil actions, including attachments, are to be available "under the circumstances and in the manner provided by law." The Rules, therefore, did not specifically deal with the procedures here under consideration.

4. It should be noted that in General Sessions Court proceedings, actions are still "commenced" by "suing out" process rather than filing a complaint, T.C.A. § 16–1135. In those courts litigants have to assume some responsibility for seeing that this is timely accomplished, much like the older practice in circuit court, prior to adoption of the civil rules.

from the strict construction and application of the lien statutes heretofore laid down in the reported cases.

■ It results that the judgment of the Court of Appeals is reversed, and the cause is remanded to the trial court for further proceedings consistent herewith. At this point, however, we note that the trial judge, in overruling the motion to dismiss filed by the landowner, ordered a lien established and directed the land sold in satisfaction thereof. This was done although the landowner has never filed an answer to the merits, insofar as the record before us reveals, and there has never been a trial. There is a general reference in the final order to a "stipulation of facts", but no stipulation with the landowner has been filed. The trial court gave final judgment to the lien claimant, but reserved for future trial certain issues relating to a claim of quantum meruit, and then apparently undertook to allow a discretionary appeal from his order overruling the motion to dismiss. This is an unusual procedure. Upon remand the landowner should be given an opportunity to file an answer to the merits of the lien claim and to have a trial upon any issues pertinent thereto before entry of a judgment imposing a lien and directing sale of the property.

Costs incident to the appeal are taxed to the respondent. All other costs will abide the results in the trial court.

COOPER, C. J., and FONES, HENRY and BROCK, JJ., concur.