**CHRISTMAS LUMBER COMPANY, INC.**

v.

**Malcolm L. SHELL and wife, Jewell B. Shell.**

Court of Appeals of Tennessee, Eastern Section.

Feb. 28, 1978.

Certiorari Denied by Supreme Court Aug. 7, 1978.

Thomas Privette, Jr., of Privette & Privette, Knoxville, for appellant.

William A. Newcomb, Harriman, for appellee.

OPINION

SANDERS, Judge.

The Defendants have appealed from a Chancery decree awarding a personal judgment against them for materials sold to an independent contractor and incorporated in a house being built for the Defendants.

The Plaintiff-Appellee, Christmas Lumber Company, Inc., filed suit in the Chancery Court against the .Defendants-Appellants, Malcolm L. Shell and wife, Jewell B. Shell. The complaint alleges, in effect, the Plaintiff sold materials to Defendants' contractor for the construction of a residence. The value of the materials furnished was $11,729.85. "The Defendants' house burned on April 2, 1974, and they received a substantial sum from their insurance carrier, Safeco Insurance Company, which included compensation for the materials furnished to the Defendants' house by the Plaintiff; that the Defendants have not paid any part of this amount to the general contractor or to the Plaintiff and have been unjustly enriched."

The Defendants, in their answer, say they knew the Plaintiff had furnished materials to their general contractor. They had paid the general contractor and assumed he had paid the Plaintiff. They also plead *res adjudicata* based on a former unsuccessful suit by the Plaintiff to enforce a materialman's lien on their property. They denied they had been unjustly enriched.

The case was heard before the Chancellor who found the issues in favor of the Plaintiff and awarded judgment in the amount of $10,568.35.

The Defendants have appealed and assigned error. The Defendants have assigned six assignments of error but we think the controlling issue is whether or not

it was error for the Court to find the Defendants had been unjustly enriched and holding them personally liable for the indebtedness of the general contractor.

There is little dispute concerning the material issues in the case. The Defendants entered into a contract with Bill Rice to construct them a house for $45,000. When the house was in advanced stages of construction but before it was completed it was destroyed by fire. At the time of the fire the Defendants had paid Mr. Rice a total of $33,750 on the contract price. During this period of time Mr. Rice had purchased from the Plaintiff $10,568.35 worth of materials to be incorporated in the Defendants' house for which it had not been paid. The Defendants had taken out a fire insurance policy on the property for $47,000. As applicable to the Defendants' coverage, the policy covered replacement costs of the building up to the face amount of the policy. The record isn't entirely clear as to how the replacement cost of the house was arrived at, but the Defendants were paid the face amount of the policy.

It is the theory of the Plaintiff that the Defendants collected approximately $11,000 more in insurance than they had paid on the house. The materials furnished by the Plaintiff for which it had not been paid made this possible, resulting in an unjust enrichment of the Defendants. The Plaintiff says, in its brief, "The materials furnished by Christmas Lumber Company, Inc. to appellants were used to negotiate a settlement with the insurance company. The Court found that the appellants were unjustly enriched in the amount of Ten Thousand Five Hundred Sixty Eight and 35/100 ($10,568.35) Dollars through the receipt of the insurance proceeds based on the value of materials furnished by appellee".

The Defendants, however, insist they had expenses in addition to what they paid the contractor, which made their total expenditures $42,316.62. These items include liens of creditors not paid by the general contractor, attorney's fees for defense of litigation resulting from the contractor's failure to pay creditors, finance charges and clearing away the debris from the fire.

Prior to 1966 it appeared to be the rule in this jurisdiction that without privity of contract with the owner a materialman was not entitled to a personal judgment against the owner. *Jordan v. Deitz*, 201 Tenn. 77, 296 S.W.2d 866; *Taylor v. Tennessee Lumber Co.*, 107 Tenn. 41, 63 S.W. 1130.

In the case of *Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 407 S.W.2d 150 (1966) the Supreme Court clarified this rule, holding it was not the intention of the court to preclude recovery on *quantum meruit* or unjust enrichment. In the *Paschall's* case the materialman had extended credit to the daughter of the property owner for materials to add a bathroom to the residence. The daughter and her son lived in the home with the owner. The materialman did not perfect a lien on the property and the daughter filed bankruptcy listing him as a creditor. The materialman sued the owner on the theory of unjust enrichment. The chancellor sustained a demurrer to the plaintiff's bill. The Supreme Court reversed. The Court, at page 153 of 407 S.W.2d, quoted with approval the Supreme Court of Minnesota:

" '*Aside from unjust enrichment*, which is an element not involved here, it is generally recognized that, other than the statutory right to a mechanic's lien or other special statutory remedies, subcontractors and materialmen have no right to a personal judgment against the owner where there is no contractual relation between them.' (Emphasis added.)"

The Court, in reversing the chancellor, made it clear the doctrine of unjust enrichment would not be applicable in every case. Each case must be decided on its own merits. The Court said, at page 155 of 407 S.W.2d:

"We wish to make it clear that recovery on such an action may not be had in every instance where a subcontractor or materialman has furnished materials or labor which benefit a third person. Our decision in this case is limited to affirming the propriety of quasi contract as a remedy in such factual situation. Each

case must be decided according to the essential elements of quasi contract, to-wit: A benefit conferred upon the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof.

"*The most significant requirement for a recovery on quasi contract is that the enrichment to the defendant be unjust. Consequently, if the landowner has given any consideration to any person for the improvements, it would not be unjust for him to retain the benefit without paying the furnisher.* Also, we think that before recovery can be had against the landowner on an unjust enrichment theory, the furnisher of the materials and labor must have exhausted his remedies against the person with whom he had contracted, and still has not received the reasonable value of his services." (Emphasis ours.)

The Defendants entered into a contract to have the house rebuilt after the first one had been destroyed by fire. The Court sustained an objection by the Plaintiff as to the amount of the second contract. The Plaintiff made an offer of proof which is a part of the record.

While we agree with the Court that the cost of the second house is not at issue in the case at bar, we think it is competent to support the theory of the Defendants that construction costs had increased substantially during the interim of the original contract and the fire. The proof shows that, as a result of the first house's being destroyed by fire, it cost the Defendants some $24,000 more to replace it than the contract price of the first house. Even if this factor were not considered, the Defendants would still fall within the exclusion of the unjust enrichment rule.

The Defendants' assignment of error is sustained. There are other assignments of error but our holding on this assignment is controlling and they are pretermitted.

The decree of the Chancellor is reversed and the complaint dismissed.

The costs of this appeal, together with the costs of the Trial Court, are taxed to the Appellee.

PARROTT, P. J., and GODDARD, J., concur.