Haynes *v*. Bank.

# HAYNES *v*. BANK.

## (*Nashville*. February 9, 1901.)

1. INJUNCTION. *Judgment on bond upon dissolution.*

   Upon dismissal on demurrer of an injunction bill restraining the prosecution of an action at law for collection of notes, the defendant is entitled to decree against complainant for the amount due on the notes and costs, and against the sureties on his injunction bond for interest and costs only. (*Post, pp. 426, 427.*)

   Case cited: Horton *v*. Cope, 6 Lea, 155.

2. SAME. *Practice upon injunction of action at law.*

   1 is the better practice for Courts of Equity to require parties to confess judgments in actions at law before granting, or as a condition of granting, injunction to stay proceedings therein. But, even if confession of judgment at law is not exacted upon granting an injunction in such case, a Court of Equity will, nevertheless, upon dismissal of the bill and dissolution of the injunction, proceed ordinarily to dispose of the matters involved, and refuse to permit any renewal of the litigation in the law Court. (*Post, pp. 427–429.*)

   Cases cited: Chadwell *v*. Jordan, 2 Tenn. Chy., 635; Perkins *v*. Woodfolk, 8 Bax., 414.

---

### FROM WILSON.

---

Appeal from Chancery Court of Wilson County. WALTER S. BEARDEN, Ch.

CANTRELL & McMILLAN for Haynes.

TARVER & GOLLADAY for Bank.

McAlister, J. Complainants, Jno. A. and Jno. C. Haynes filed this bill to restrain the Second National Bank of Lebanon from the prosecution of a suit before a Justice of the Peace for the collection of two notes, alleging usury in the discount of said notes, and alleging further that large amounts of usury had been charged complainants by said bank in other transactions, and seeking to set off said usury against the notes in suit. An amended and supplemental bill was filed, but it is not necessary now to state its allegations. A demurrer was then interposed by the defendant to both the original and amended bills, assigning for cause:

1. That the usurious transactions alleged were barred by the statute of limitations of two years.

2. That the measure of damages prescribed by Congress for knowingly collecting usurious interest is double the excess over the legal rate of interest, to be collected in an action to recover the penalty, and that said penalty cannot be interposed as a defense or set-off against an action brought by the bank for the collection of the notes.

The Chancellor, upon argument, sustained the demurrer and dismissed the bill. But the Court, on motion of the defendant bank, pronounced a judgment against the complainant on said notes upon the ground that complainants' bill enjoined the bank against the prosecution of the suit on

said notes before the Justice of the Peace. On appeal the Court of Chancery Appeals affirmed the decree of the Chancellor in dismissing the bill, but reversed his action in pronouncing judgment on the notes. The Second National Bank alone appealed, and has assigned as error the decree of the Court of Chancery Appeals in refusing it a judgment on the notes. This assignment of error is well taken. When complainants' bill was dismissed by the Chancellor, on the hearing of the demurrer, the bank was entitled to a judgment on the injunction bond against the complainants for the principal of the debt, interest and costs and against the sureties thereon for interest and costs. *Horton* v. *Cope,* 6 Lea, 155. There was a breach of the bond the moment the injunction was dissolved and the bill dismissed.

It is insisted, however, that the Chancellor who ordered the injunction should in his fiat have required a confession of judgment at law, and, since there was no such requirement, complainants are now entitled to reopen their defense at law. It would have been in accord with the established practice for the Chancellor to have required a confession of judgment as a condition of granting the injunction. *Chadwell* v. *Jordan,* 2 Tenn. Ch., 635; *Perkins* v. *Woodfolk,* 8 Bax., 414-417.

Says Mr. Gibson, viz.: "A Court of Equity should not ordinarily grant an injunction to stay proceedings at law before judgment unless the

party applying for the injunction will confess judgment in the suit at law, such judgment to be dealt with as the Court granting the injunction may order. It is inequitable to allow the defendant at law to litigate the same matter in both Courts, and unless he is required to close the legal contest, by confessing judgment in the suit at law, he may, after a long litigation in chancery, dismiss his bill and then renew his defense in the Court of Law." Suits in Chancery, Sec. 796, note 4.

This injustice is illustrated in the present case. The injunction herein was issued November 17, 1896, and during the intervening years the bank has been restrained from prosecuting its action at law. The injunction is now dissolved, and the insistence of complainant is that because a confession of judgment was not required in the fiat of the Chancellor ordering the injunction, the bank must be remitted to the prosecution of its original action at law. This contention is not sound.

There was nothing to be litigated at law. The only defense sought to be interposed to the notes was in the nature of a set-off for usury charged in that and other transactions with the bank. The Chancellor held on the demurrer that the claim of usury could not be set off, but must be litigated in a suit to recover the penalty, as prescribed by the Act of Congress. Moreover, the

Chancellor held that the claim for usury was barred by the statute of limitations. These questions were adjudicated by the Chancellor on the demurrer, and his holdings affirmed by the Court of Chancery Appeals. The complainant has not appealed from those rulings. It is obvious that these questions cannot be reopened in the suit at law, and since no other question was made in complainants' bill against the notes, we are unable to perceive any reason for renewing the litigation.

The decree of the Court of Chancery Appeals is reversed, and judgment will be entered here against complainants on the injunction bond for the amount of the notes, interest and cost.