## BRIER HILL COLLIERIES v. V. H. PILE, et al.

Middle Section.   November 3, 1928.

Petition for Certiorari denied by Supreme Court, February 23, 1929.

Ward R. Case, of Jamestown, and Fowler & Fowler, of Knoxville, for plaintiff in error.

John F. McNutt, of Rockwood, and Roberts & Roberts, of Nashville, for defendants in error.

DeWITT, J.   Brier Hill Collieries, a corporation, has appealed in error from a judgment of the circuit court of Fentress county, rendered on April 10, 1928, in this action of ejectment which was instituted on February 2, 1923 against it by Ward R. Case, trustee, and the widow and heirs of S. H. Pile, deceased.   To said plaintiffs

the court awarded a recovery from Brier Hill Collieries of a tract of about 15,000 acres of land described in the declaration, after excluding therefrom the tract of land, said to contain about 5,000 acres, adjudged by the chancery court of Fentress county to belong to the said Brier Hill Collieries, in the cause of Brier Hill Collieries, et al. v. V. H. Pile, et al., the opinion in which case is reported in 4 Tenn. Appeals Reports, pages 468-488. The land so excluded is described in said judgment as being the identical land enclosed and bordered in red lines on the map filed as Exhibit No. 2 to the deposition of C. T. Schenck, in said chancery cause. The order of the circuit court embodying the judgment complained of contains a recital of a judgment by confession made by Brier Hill Collieries by its attorneys in compliance with an order of the chancery court of November 10, 1923, requiring as a condition of continuing an injunction in said cause against the prosecution of this ejectment suit in the circuit court, that within ten days from said date the Brier Hill Collieries would file with the clerk of the circuit court of Fentress county its confession of judgment against it in favor of the plaintiffs in this cause, and providing that when said judgment by confession should be filed it would be stayed by the injunction theretofore issued, and be under the absolute control and direction of the chancery court, and should not be construed as a confession of damages in the amount laid in the declaration in the circuit court, but only to the extent that the pleas were to be withdrawn and damages assessed, leaving to the plaintiffs the right to contest the amount of damages and the right to make all legal and equitable defenses in the cause in the chancery court available in the circuit court. Said order of the chancery court further recited that it was meant solely in the nature of requiring the complainant Brier Hill Collieries to elect that the controversy be settled and ended by the decree in the chancery court. The bill in the chancery court was filed by Brier Hill Collieries, Stearns Coal & Lumber Company, and trustees under certain deeds of trust against the widow and heirs at law of S. H. Pile, deceased, to remove a cloud from the title and enjoin this action of ejectment in the circuit court. Upon their own application the bill was dismissed as to the complainants Stearns Coal & Lumber Company and the First Trust & Savings Bank, trustee, leaving the controversy between the Brier Hill Collieries and the parties who are plaintiffs as aforesaid in this action. Stearns Coal & Lumber Company is not a party to this suit in the circuit court.

In said chancery cause the decree of the Chancellor was that Brier Hill Collieries was the owner of the tract of 5,000 acres, more or less, shown on the Schenck map as bordered in red lines. This

decree was in all things affirmed by this court and the writ of certiorari was later denied by the Supreme Court. This court further decreed as follows:

"That the confessed judgment entered in the case of V. H. Pile, et al. v. Brier Hill Collieries, in the circuit court of Fentress county, the proceedings in which cause have been enjoined in this case, is set aside and declared null and void in so far as it applies to the tract of land above described and the title to which is herein adjudged to belong to said complainants, and said confessed judgment in so far as it applies to any land outside of the boundary above and in the original bill as amended, stands against the Brier Hill Collieries alone, as complainant, Merchants Trust Company, trustee, was not a party to said proceedings. "The temporary injunction issued in this cause is sustained and made perpetual only as to the lands adjudged to belong to complainants as aforesaid and to the relief granted herein, but said injunction is otherwise dissolved."

It thus appears that Brier Hill Collieries was not adjudged in said cause to have any title to the remaining 10,000 acres more or less of the lands described in the declaration in this action.

The judgment of April 10, 1928 now complained of was based in part upon the finding that the injunction restraining the enforcement of the original judgment by confession, or staying the execution of the same, was in said chancery cause made perpetual only as to the lands recovered by the Brier Hill Collieries in said cause for it is against the plaintiffs in this action. Pleas of Brier Hill Collieries had been withdrawn under the original requirement of judgment by confession. This suit stood in the circuit court from November 19, 1923, the date of the filing of the judgment by confession, until April 10, 1928, when it came on to be regularly heard before the circuit judge upon the entire record, and especially upon the confession of judgment. A recovery of this 10,000 acres more or less was awarded to plaintiffs against Brier Hill Collieries and it was ordered that upon demand of plaintiffs the clerk would issue a writ of possession to place them in the full and peaceable possession of said tract of land, the order carefully excluding the land covered in the chancery court cause brought by the Brier Hill Collieries.

The insistence of Brier Hill Collieries is that the chancery court enjoined the further prosecution of this suit taking full jurisdiction of the controversy, so that no judgment could thereafter be lawfully entered by the circuit court except upon the express order or authority of the chancery court (unless for costs), and no such order or authority appears in the record. In support of this propo-

sition it is shown that the decree requiring confession of judgment provided that such judgment should be under the absolute control and direction of the chancery court and was meant solely in the nature of requiring the complainant to elect that the controversy be settled and ended by the decree in the chancery court. It is insisted that the result was that the circuit court had no jurisdiction or authority over the case, and the judgment for the land with the award for a writ of possession was unwarranted.

It is further insisted that the decree of the chancery court merely required the Brier Hill Collieries to file its confession of judgment with the clerk of the circuit court and did not direct the entry of such confessed judgment on the minutes or authorize the circuit court to proceed further with the case in any manner; that the effect of all this is merely to notify the circuit court of the proceedings in the chancery court, to the end that there should be no further steps taken in the circuit court, and also to the end that the chancery court might have authority by virtue of said confessed judgment to enter on its own minutes whatever judgment might thereafter be found to be proper, not only as to the issues raised by the pleadings filed therein, but also as to the issues raised by the pleadings in the circuit court. It is further insisted that the judgment was unwarranted because the record shows that the plaintiffs are not the owners of any part or parcel of land described in the declaration.

The action of the Chancellor in requiring that a confession of judgment in the case at law be filed with the clerk was in accordance with the well-settled rule in such cases that equity will not take jurisdiction on the legal questions, nor grant the injunction, unless the party seeking its aid will close the legal contest by giving judgment in the action, with a stay of execution, the judgment to be dealt with as the court of equity may thereafter order. The reason is that by going into equity for that purpose, the complainant concedes that he has no defense which he can make fully effectual at law, and it would be inequitable to permit him to stay the defendant's legal redress by a bill which he may at any time dismiss. Trousdale v. Maxwell, 6 Lea, 161. When this general requirement is complied with the court of chancery will itself determine the rights of the parties and grant the plaintiff at law the recovery he was entitled to if any, or deny him any recovery if he is not entitled to any. Gibson's Suits in Chancery (2 Ed.), sec. 814; Jones v. Kincaid, 5 Lea, 677; Hickerson v. Raiguel, 2 Heisk., 329. The court of equity will ordinarily proceed to dispose of the matters involved and refuse to permit any renewal of the litigation in the lower court. Banks v. Haynes, 106 Tenn., 425, 61 S. W., 775; Rey-

nolds Corporation v. Knoxville Lithographing Company, 138 Tenn., 287, 197 S. W., 897.

These well settled rules have manifestly been complied with and they have not been violated in this action. The chancery court exercised jurisdiction over the litigation and it proceeded to a final decree which limited the title of Brier Hill Collieries to that portion of the lands originally sued for which is not now in dispute. The decree of this court in affirmance of the decree of the Chancellor operated as a final exercise of the reserved right to stay the judgment at law by confession. It provided only that the action at law be enjoined and the judgment by confession be set aside only in so far as was applicable to the tract of 5000 acres more or less; and it further provided that the judgment by confession so far as it applied to the remainder of the land described in the declaration should stand against the Brier Hill Collieries alone. The injunction was expressly sustained and made perpetual only as to the tract of 5000 acres more or less, adjudged to belong to Brier Hill Collieries but said injunction was otherwise dissolved. The decree was final in the chancery cause. It was not remanded to the chancery court for any further proceeding whatever. Thus in our opinion a final action was taken and no further control was retained over the litigation in the circuit court. The necessary effect of the aforesaid provisions of the decree was to leave the circuit court free to proceed with reference to the title to the balance of the land, as between the parties to this action. It fairly appears from this record that in the former case the bill was amended by the complainant so as to seek a recovery only of the tract which was finally awarded to it. The dissolution of the injunction as affecting the balance of the land operated to set aside the stay of execution as to said land. The court effectually removed the stay. This was an express authority to the circuit court to proceed further with reference to this balance of the land. It matters not therefore whether the confession of judgment was merely to be filed with the clerk of the circuit court or to be entered upon the minutes of that court. A certified copy of the decree of this court affirming the decree of the Chancellor was duly filed in this cause, together with a certified copy of the map of the lands showing that part in red lines which was awarded to the Brier Hill Collieries in the chancery cause. Upon this evidence and with the judgment by confession before it, the circuit court rendered a judgment in accordance with that which had been confessed by the Brier Hill Collieries that it had no title to said lands and that as between it and the plaintiffs they were entitled to recover said land. It has indeed been held in the former litigation that the plaintiffs have no title

to this land, but the judgment complained of has operative force and effect only as between the parties to this litigation. If the Brier Hill Collieries has no title and the plaintiffs have no title, then perhaps some stranger to this litigation has title and it is not bound by this judgment. Because the Brier Hill Collieries has withdrawn its pleas and confessed that these plaintiffs have title, this confession must be made operative so far as the Brier Hill Collieries is concerned. As between it and the plaintiffs they by its own confession have a good title and therefore they are entitled to recover the land. If they have any claim of title it may be utterly invalid and worthless as to some stranger to this action claiming under a good title.

The circuit court therefore had power to render this judgment and under sections 4727 and 4993 of Shannon's Code it was perfectly proper for it to award a writ of possession, which of course could operate only as between the parties to this action. If a stranger to this action is in possession he cannot be dispossessed by the writ of possession granted in this action. The rule is that a writ of possession does not embrace one not specifically named therein who, being in possession when the suit in which the writ issued was brought, was not made a party thereto. Thommason v. White, 6 Bax., 148; Steele v. Satterfield, 148 Tenn., 649, 257 S. W., 413. In 19 C. J., 1223 the universal rule is stated that although a judicial officer is bound to put the plaintiff entitled to the writ of possession in full, actual and peaceable possession, removing defendant as well as all persons from the premises, this rule does not generally include strangers to the proceeding unless they are in possession by collusion; persons claiming under such strangers; one as to whom the suit was dismissed; one whose possession is distinct from that for which the action is brought; or one claiming under a paramount or adverse paramount title, without a day in court. This of course is in recognition of the fundamental rule of due process of law.

It is an ancient rule that a judgment by confession is a release of errors. Shannon's Code, sec. 4835. The fact that this case was not upon the trial docket of the circuit court and the fact that this judgment was entered upon motion of plaintiffs without notice would not invalidate the judgment, because it was based upon a judgment by confession as to which the court of equity had released the stay in a final decree in which it exercised all of the power which it intended to exercise. It is a judgment sustaining a cause of action taken as confessed.

It is a fundamental rule that no appeal or writ of error lies from a judgment or decree by confession or by consent. Jones v. Williamson, 5 Cold., 371, Allen v. McCullough, 2 Heisk., 192; Williams

v. Neil, 4 Heisk., 279; Musgrove v. Lusk, 2 Tenn. Chy., 580; Jones v. McKenna, 4 Lea, 639; Lindsay v. Allen, 112 Tenn., 637, 82 S. W., 171.

It necessarily follows that the motion entered in this court by the defendants in error to dismiss this appeal in error from the judgment based upon the judgment by confession, must be sustained, and it is so ordered. The appeal is therefore dismissed at the cost of the plaintiff in error and the sureties on its appeal bond.

Faw, P. J., and Crownover, J., concur.